SIGNED.

Dated: April 18, 2005

_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| SANDRA LOUISE BROWN, | ) | CASE NO. 0-04-00203-RJH |
| Debtor. | ) ) ) ) | MEMORANDUM DECISION RE TRUSTEE'S OBJECTION TO CONFIRMATION |

The Trustee has objected to confirmation of the Debtor's plan pursuant to Code § 1325(b), arguing that the plan does not devote all of the Debtor's disposable income to the plan because it does not include $127.83 per month that is deducted from the Debtor's gross pay and paid into the Arizona State Retirement System. Debtor responds that as an employee of the Kingman Unified School District, Debtor is required to participate in the Arizona State Retirement System as a condition of employment. At oral argument, the parties disputed whether the decision of *In re Mendoza*, 274 B.R. 522 (Bankr. D.Ariz. 2002), requires the inclusion of mandatory pension plan payments in calculating disposable income, or whether a plan's term must be extended to 60 months to account for such payments even if they are a mandatory condition of employment.

*Mendoza* did not directly hold that mandatory retirement contributions must be included in disposable income calculations. Instead, it concluded that retirement contributions should be included in the calculation of disposable income "except in those instances where a debtor can demonstrate that a failure to make a retirement contribution will result in an actual adverse consequence to their [sic] support and maintenance." *Id.* at 525. The court therefore denied confirmation because the debtor had failed to submit "any evidence which demonstrates that he will suffer an actual adverse consequence if he suspends contributions to the Tucson

[Supplemental Retirement] System for the term of his Chapter 13 plan." *Id.* Here, however, the Debtor has submitted some evidence of such actual adverse consequences, consisting of a page from her employee handbook stating that employees of the Kingman Unified School District are required by Arizona law to participate in the Arizona State Retirement System.

The Arizona State Retirement System is established and governed by A.R.S. §§ 38-711 *et seq.* A.R.S. § 38-727(1) indicates that membership in the ASRS is mandatory for all employees of political subdivisions that establish a retirement plan to be administered by the ASRS Board except for certain exceptions not applicable here. A.R.S. § 38-729 provides that political subdivisions of the State, which would presumably include the Kingman Unified School District, may adopt a supplemental retirement plan which shall provide the same benefits and obligations as provided for other members. A.R.S. § 38-736(A) provides that "Member contributions are required as a condition of employment and shall be made by payroll deductions." It further provides that "member contributions are a percentage of a member's compensation equal to the employer contribution required pursuant to § 38-737."

These provisions rather clearly establish that once a political subdivision elects to participate in the Arizona State Retirement System, employee contributions are required as a condition of employment and in a set percentage. Therefore, in the absence of any evidence or argument to the contrary, the Court concludes that such amounts, while income, are not "disposable" income. While so employed, the Debtor simply has no alternative to apply that income in any other way. Therefore it is income that is received by the Debtor and that is, by State law, "necessary" to be expended for the maintenance or support of the Debtor as part of the State's retirement system.

While Congress certainly has authority under the Bankruptcy Clause and the Supremacy Power to override the State's determination of such necessity, there is no indication in § 1325(b)(2) that Congress intended to do so. To the contrary, Congress' explicit authorization of religious and charitable contributions of a far greater percentage amount clearly

suggests that such amounts may be deemed "necessary."[1] And while the State's determination of such necessity is not necessarily controlling on this Court, here there are no facts or circumstances that would compel a different conclusion.

The Debtor's Schedule I reflects that she is a "Transportation Specialist" for the Kingman Unified School District earning a net annual income of $27,420. In the absence of evidence to the contrary, the Court will assume she is a school bus driver. She is a divorced mother with a 16 year old daughter. She has virtually no nonexempt assets, drives a five year old car worth only $4,500, and lives in a Golden Valley home worth only $73,000 of which only $10,000 is the Debtor's equity. The apparent decision made by the State of Arizona and the Kingman Unified School District that such a debtor should put aside $127 per month for her maintenance and support upon retirement does not appear to be unreasonable.

The Trustee is certainly correct that the Debtor could contribute an equivalent amount to unsecured creditors by extending the plan to five years. But Congress did not so require where the plan contributed all monies not necessary for the maintenance or support of the debtor or her dependents, including religious and charitable contributions, for a period of three years. Because this plan does so, there is no requirement that it be extended to five years. If Congress wanted to require a five year plan, it could have done so. Indeed, it appears to have done exactly that in Code § 1325(b)(4)(A)(ii) as it will be amended by the Bankruptcy Reform Act, but only if the debtor's income exceeds the State's median family income. Because it appears that Arizona's current median family income is something in excess of $40,000, the Bankruptcy Reform Act recently passed by Congress clearly suggests that Congress did not intend to impose a five year plan requirement on a debtor such as this.

For the foregoing reasons, the Trustee's objection to confirmation is denied and the continued hearing on that objection set for June 14 is vacated.

DATED AND SIGNED ABOVE

---

[1] Although the answer may vary considerably depending on the religion, in many cases the maintenance and support derived from contributions to a retirement plan will come sooner, and may be more reliable, than those derived from religious and charitable contributions.

| | |
|---|---|
| 1 | |
| 2 | Copy of the foregoing mailed<br>this 18th day of April, 2005, to: |
| 3 | Dwayne Farnsworth, Esq.<br>Farnsworth Law Offices |
| 4 | P. O. Box 2299<br>Gilbert, AZ 85299 |
| 5 | Attorney for Debtor |
| 6 | Scott A. Lieske, Esq.<br>P. O. Box 33970 |
| 7 | Phoenix, AZ 85067-3970<br>Attorney for Russell A. Brown, Chapter 13 Trustee |
| 8 | |
| 9 | /s/ Pat Denk<br>Judicial Assistant |

SIGNED